MR. JUSTICE SHEA,
concurring.
On the basis of the law presently existing and because defendant did not also petition this case for a writ of certiorari, I am compelled to agree with, the majority. The harsh results it works is exemplified by this case.
I agree that our criminal code makes no provision for a petitioner to appeal from a writ of habeas corpus that has been denied and that, as a creature of statute, the right to appeal therefrom is unauthorized for that reason. I have difficulty, however, concurring with the rationale set forth by the majority opinion justifying the absence of such provision.
This court’s holdings on the issue of appealability of a denied writ of habeas corpus have all been grounded on the inability of the Court to permit appeal where none was provided for by the legislature; and further, that as a matter of procedure such denial was not res judicata, so a second application for the writ could be instituted in this Court. The frequently quoted origin of the rationale is contained in State v. Kennie (1900), 24 Mont. 45, 60 P. 589. Under the procedural facts of that case however, the Court acknowledged by . way of dicta that certiorari instituted concurrently with a writ of habeas corpus would allow review of the lower court proceedings. With a writ of certiorari, the Court sits in a different posture, examining the proceeding and judgment or order and taking appropriate action. As noted by Chief Justice Brantly, “It is not uncommon for this writ to be used in this way, where it is sought to set aside a conviction in summary proceedings before a justice of the peace where there is no appeal.” Kennie, 24 Mont. 52, 60 p. 592. This coupling of writs seems to be a complicated means of obtaining review. Enactment of a statutory provision enabling review of a denied writ of habeas corpus would be preferable. Indeed, an overwhelming majority of jurisdictions have done precisely that. See, 39A C.J.S Habeas Corpus § 238.
Our legislature has provided for review of writ of habeas corpus proceedings resulting in discharge of the petitioner from custody. *7 Section 95-2714, R.C.M.1947. Provision is also made for denied writs of habeas corpus in civil matters. Rule 1(a), M.R.App.Civ.P. These provisions were promulgated notwithstanding the fact that as an original writ, denial of such writ was not res judicata and therefore the Court was not divested of jurisdiction for a second application. I find no reason for distinguishing between a civil and criminal matter in this respect. Given the statutes, it is a sound enough observation, but as a rule it has no rational justification, and works an injustice on those who have been unsuccessful in the District Court.
Even if defendant petitions this Court in an original proceeding, undoubtedly he will have spent some time in jail before the petition is filed and this Court can act. It may later be that defendant has no grounds for this Court to issue a writ of habeas corpus, but if he were out on bail at least he would not be languishing in a county jail that has long been fit for use only as a temporary holding cell.